UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JACQUESS MORRIS                              CIVIL ACTION NO. 11-cv-1974

VERSUS                                       JUDGE FOOTE

LONNIE NAIL, ET AL                           MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

Jacquess Morris ("Plaintiff") is a self-represented inmate who filed this action against several prison officials at the David Wade Correctional Center, where he was formerly housed, regarding an attack on him by his cellmate and efforts by officials to stop the attack. The undersigned recently recommended that all claims be dismissed with the exception of the failure to protect claims against Victor Lee, Lonnie Nail, Michael Robinson, and Jamie Fussell. Both parties have demanded a jury trial. The court also directed the parties to file pretrial statements to prepare for the jury trial that both Plaintiff and the Defendants demanded. Plaintiff was directed to file by **February 6, 2015** a pretrial statement that contained a list of all of his exhibits and a list of the names and addresses of his witnesses, together with a brief summary of their anticipated testimony. The court warned: "Failure to file a pretrial statement may result in dismissal or other appropriate sanction."

The February 6, 2015 deadline has passed and, as of February 13, 2015, the court has not received a pretrial statement from Plaintiff. The last communication the court had from Plaintiff was in December 2013 when he filed a notice of change of address to the Allen

Correctional Center. Doc. 56. Since then, the court and the Defendants have invested a significant amount of time in the case in connection with obtaining service on the Defendants and the filing of a motion for summary judgment and issuance of a Report and Recommendation thereon. Plaintiff did not oppose the motion or make any other filing with the court since he moved from David Wade Correctional Center and notified the court of his change of address.

It may be that Plaintiff has lost interest in this case now that he is no longer housed in a facility operated by the Defendants. In any event, he will never be able to prevail on the merits without exhibits or witnesses, and his failure to file a timely pretrial statement likely precludes him presenting such evidence at trial. Proceeding further with this action would be a waste of time and resources for both the court and the Defendants. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly,

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another

party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of February, 2015.

Mark L. Hornsby
U.S. Magistrate Judge